IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ahwatukee Foothills Prep, Inc., an Arizona non-profit corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>Block Income Fund I, L.P., a Delaware limited liability corporation; Prom Motor Hotel, Inc., a Missouri Corporation; and Chrysler Investors, a Kansas general partnership,<br><br>    Defendants. | No. CIV-05-4160-PHX-MHM<br><br>**ORDER** |

Currently before the Court is Plaintiff's Application for a temporary restraining order, requesting the Court to order Defendants to make payment of $613,180 to Plaintiff pursuant to the terms of a lease agreement binding the parties. (Dkt. #2).

**I.     Legal Standard**

To prevail on a motion for a temporary restraining order a party must demonstrate either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) the existence of serious questions going to the merits and that the balance of hardships tips in its favor. First Brands Corp. v. Fred Meyer, Inc., 809 F.2d 1378, 1381 (9th Cir. 1987). These formulations are not two different tests, but a "sliding scale in which the

1  degree of irreparable harm increases as the probability of success on the merits decreases.
2  MAI Sys. Corp. v. Peak Computer, Inc., 991 F.2d 511, 516 (9th Cir. 1993).

**II.   Discussion**

Plaintiff asserts the following allegations in support of its Application. Plaintiff Ahwatukee Foothills is a non-profit Arizona corporation. On June 30, 2004, Plaintiff entered into a lease agreement ("Lease Agreement") with Transwestern Phoenix Tech Center, LLC, the Defendant Landlords' predecessor-in-interest. (Exhibit A to Lease, Plaintiff's Compl. for Preliminary Injunction). The Lease agreement contained a "Purchase Option" by which Plaintiff was granted the right to purchase the premises, which Plaintiff leased. (Exhibit E, p. E-7, to Lease). Plaintiff and the Defendants executed this option with a letter on September 12, 2005. (Exhibit B to Plaintiff's Complaint for P.I.). The Lease also contained a "Work Letter," which granted Plaintiff permission to perform alterations and improvements to the premises. This was referred to as "Initial Alterations." (Exhibit D to Lease, Plaintiff's Compl for P.I.). Also, under the terms of the "Work Letter" the Landlord agreed to contribute a "Construction Allowance" toward the cost of performing the "Initial Alterations." (Id. at ¶3). The amount of the Construction Allowance was not to exceed $1,318,000 (Id.). Plaintiff used $704,820 of the Construction Allowance when it was leasing the premises from the original landlord Transwestern. When Transwestern sold the premises to the current landlord Defendants, Transwestern allegedly transferred the remaining balance of $613,180 to the current landlord, the current Defendants.

Plaintiff now contends that the Defendants are wrongfully withholding the remaining balance of $613,180 in violation of the Lease Agreement. Specifically, Plaintiffs allege that the Defendants provided notice though their counsel on December 9, 2005, that because Plaintiff was in default by not completing the "Initial Alterations" within the specified time period that Defendants would not pay the remaining balance of the "Construction Allowance." Plaintiff contends that such conduct is clearly in breach of ¶ 18 of the Lease Agreement as Plaintiff is entitled to a period to cure before going into default. Moreover, Plaintiff contends that it was not provided adequate "notice" as defined by the Lease

1   Agreement.  Lastly, Plaintiff contends that if the Court does not issue the temporary
2   restraining order it will not be able to finalize and close the Purchase Contract which enables
3   it to purchase the land.
4         The Court finds that Plaintiff has presented a basic showing of a serious question
5   going to the merits of its claims arising out of the terms of the Lease Agreement.  However,
6   Plaintiff cannot make a persuasive showing of the requisite irreparable harm.  This is based
7   upon Plaintiff's request that the Court issue an order requiring Defendants to make payment
8   of money allegedly due to Plaintiff arising out of the terms of the Lease Agreement.  Such
9   a request is not appropriate for an application for a temporary restraining order.  Plaintiff
10  cites several cases emphasizing that land is unique and is commonly the source of injunctive
11  relief. See Sportsmen's Wildlife Defense Fund v. U.S. Department of the Interior. 949 F.
12  Supp. 1510, 1523 (D.Colo. 1996) (preliminary injunction filed by plaintiff  to stop
13  construction of prison on land); Bean v. Independent American Sav. Ass'n, 838 F.2d 729 (5th
14  Cir. 1988) (plaintiff real estate group granted preliminary injunction to prevent foreclosure
15  of sale of land); Sundance Land Corp. v. Community First Federal Savings, 840 F.2d 653 (9th
16  Cir. 1988) (plaintiff seeking to enjoin defendant from foreclosing on the property).
17  However, Plaintiff has not cited any authority in which a court has issued a temporary
18  restraining order requiring a defendant to turn over a large sum of money allegedly owed to
19  plaintiff arising out of the terms of a lease agreement governing land.  Moreover, "courts
20  generally have been in agreement that it is improper to grant injunctive relief which requires
21  the payment of monies in advance of the resolution of the underlying controversy on the
22  merits, which involves the very right to the monies claimed" Chick Smith Ford, Inc., v. Ford
23  Motor Credit Co., 46 B.R. 515, 517 (Bankr. Fla. 1985); see also Sportsmen's Wildlife
24  Defense Fund v. U.S. Department of the Interior. 949 F. Supp. 1510, 1523 (D.Colo. 1996)
25  (holding that preliminary injunctions that are mandatory as opposed to prohibitory are
26  disfavored and such requests are subject to an even heavier burden requiring the movant to
27  show the four factors weigh heavily and compellingly in movant's favor before such
28  injunctive relief is granted).  This is exactly the type of relief Plaintiff seeks in the instant

1  case. As such, Plaintiff's application for the payment of money allegedly owed to it arising
2  out of the Lease is premature.
3        **IT IS THEREFORE ORDERED** that Plaintiff's application for a temporary
4  restraining order is **DENIED**. (Dkt. #2).
5        DATED this 22nd day of December, 2005.

                                    Mary H. Murguia
                                    United States District Judge